## Case No. 151.

### In re ALDEN.

[16 N. B. R. (1877.) 39; 23 Int. Rev. Rec. 234, 282, 9 Chi. Leg. News, 346; 25 Pittsb. Leg. J. 4.]

District Court, D. Maine.

BANKRUPTCY — SALE OF REALTY BY ASSIGNEE — CONFIRMATION—LIABILITY OF PURCHASER.

[The purchaser of real estate in Illinois from an assignee in bankruptcy in the district of Maine, at a sale ordered by the register in bankruptcy, is not, under the established practice of that district, entitled to a confirmation of the sale by the court wherewith to perfect his title according to the laws of Illinois, but must establish his title whenever the occasion may arise.]

[In bankruptcy. Petition by Edward Alden for a confirmation by the court of a sale to him by the assignee in bankruptcy of Hiram O. Alden of certain real estate in Illinois, in order to perfect his title according to the laws of that state. Denied.]

Upon the application of the assignee of Hiram O. Alden, bankrupt, the register in charge of said cause, March 24, A. D. 1877, pursuant to 19th rule in bankruptcy of said court, issued to said assignee an order concerning sale of property by assignee, by which said assignee was ordered to sell at public auction certain real estate belonging to said bankrupt's estate, situate in the state of Illinois. Under this order of the court, the assignee advertised said property for sale at public auction in the manner provided by law. Said sale being advertised once a week, for three successive weeks, in the Republican Journal, a newspaper published in Belfast, county of Waldo, in said district of Maine, and being the newspaper regularly designated by the judge of said court for the publication of all notices of proceedings in bankruptcy in Waldo county. At the auction sale of the above premises, pursuant to the aforesaid advertisements, the lands in Illinois were bid off by Mr. Edward Alden, of Boston, who, thereupon, petitioned the court to approve and confirm said sale, and grant him a certificate of such confirmation under the seal of said court, with the view of enabling him, said purchaser, as he alleges, to perfect his title to said premises in accordance with the laws of the state of Illinois and the rules of

the courts of said state regulating the transfer of real estate. The register declined to issue such a certificate, and, on application of the petitioner, certified to the court that all the proceedings attending said sale had been regular, and were in accordance with the law and the rules of this court. The court thereupon passed the following order:

## Case No. 151a.

### In re ALDEN.

[10 Hunt, Mer. Mag. 469.]

District Court, D. Massachusetts. Jan., 1844.

BANKRUPTCY—PROOF OF CLAIM—LIMITATION.

[On a motion to expunge the proof of a claim against a bankrupt from the record, it appeared from the affidavit in the cause that the bankrupt filed his petition December 30, 1842, and was decreed a bankrupt February 21, 1843. The proof of the creditor was filed August, 1843. A dividend of which due notice was given was declared September 26th. The motion to expunge was made January 30, 1844, a dividend having been allowed and paid on the claim. It further appeared that the amount and nature of the claim was incorrectly entered on the books, though the proof itself and the dividend correctly stated it. It was not denied that the debt was a just and valid one. Held, that the motion should be overruled, as the inaccuracy on the record in regard to the claim was not a ground of expunging the proof, and that the statute of limitations did not apply.]

In bankruptcy. This was a motion filed to expunge the proof of Leonard Alden, on the ground that it was barred by the statute of limitations. A preliminary objection was taken to the filing of the motion, upon the ground that the application was too late. It appeared, by the affidavits in the cause, that Francis Alden filed his petition to be declared a bankrupt December 30, 1842, and was decreed bankrupt February 21, 1843. The proof of Leonard Alden was filed August 1, 1843. A dividend was ordered upon his estate September 26th, of which due notice was given; and the motion to expunge the proof was made January 30, 1844, a dividend having been allowed and paid on the respondent's claim.

It further appeared, that before filing the motion to expunge, the counsel for the creditors, objecting to Francis Alden's discharge, at whose request the present motion was made by the assignee, examined the records to ascertain whether a majority in numbers and value of the creditors, who had proved their claims, joined in the objections; and on that examination it appeared that the amount of Leonard Alden's claim was incorrectly entered on the book, though the

proof itself and the dividend sheet correctly stated it. The bankrupt, in his original schedule, had stated Leonard Alden's claim to be upon notes, but the claim moved to be expunged was on account. It was not denied that the debt was originally a just and valid claim, but it was contended that it was barred by the statute of limitations, and that, under the circumstances, the motion was not too late.

On the other hand, it was contended, on behalf of Mr. Alden, that the statute of limitations was a technical defence, and that a party who seeks to set it up should be held to comply strictly with the principles under which it was admissible as a bar; that a decree had been rendered allowing this claim, upon due notice, to all parties, which ought not to be reopened, even if the court could, consistently with established principles, reverse the decree; and that it was never known that a judgment was reversed in order to give a party an opportunity to set up the statute of limitations.

SPRAGUE, District Judge, held that, under the ninth rule in bankruptcy, the court might reverse such a decree upon good cause shown, which must be by an application in writing, supported by affidavits setting forth the grounds upon which a revision was sought; that it was a question to the discretion of the court to be governed by the analogies in cases of bills of review in equity, which might be allowed in cases of newly discovered evidence or error on the face of the record; that it did not appear that the assignee had ever examined this claim, or deemed that it was his duty to examine the claims; that no creditor had ever used any diligence before the dividend was ordered; that the inaccuracy upon the record was not the ground of any omission to move to expunge claim before the dividend was ordered; that the statute of limitations might be a conscientious defence under some circumstances, as where a party knew that the debt was paid, but had lost the evidence of payment, it was perfectly conscientious to set up the statute. But in this case, it was not contended that the debt had ever been paid. The creditor had sworn to its validity, the debtor might be examined by the assignee under oath; and in a matter to be adjudged according to the discretion of the court, his honor would not allow the motion to be received, and sustained the objection taken by Leonard Alden, and dismissed the motion with costs.